ECF filed

UNITED STATES DISTRICT COURT
Eastern District of Kentucky
At Covington
Case no. _____

SUSAN DONOVAN
302 Snow Shoe Dr.
Southgate, KY  41071                                                                       Plaintiff

VS.

KENTUCKY EASTER SEAL SOCIETY, INC
Dba as Cardinal Hill Rehabilitation Unit
c/o Mike Kanarek
Statutory Agent
2050 Versailles Rd.
Lexington, KY  40504                                                                       Defendant

COMPLAINT
JURY DEMAND

NOW COMES PLAINTIFF SUSAN DONOVAN and for her Complaint against defendant Cardinal Hill Specialty Hospital states as follows.

JURIDICTION AND VENUE

1. This is an action arising under the laws of the United States and is brought pursuant to the American with Disabilities Act of 1990 (ADA) 42 U.S.C. sec. 12101 et seq. and KRS 344.040(1)(B) and 344.450. This Court has jurisdiction of the claims pursuant to 28 U.S.C. sec. 1331, 1343.

2. Venue in the Eastern District of Kentucky is proper pursuant to 28 U.S.C. sec. 1391(b) in that the incident which forms the basis of the Complaint occurred in this jurisdiction and/or the defendant resides in this district and/or does business in this district.

1

PARTIES

3.  Plaintiff Susan Donovan is a citizen of the United States and resides in Campbell County, Kentucky which is located in the Eastern District of Kentucky, Covington Division.

4.  Defendant Cardinal Hill Rehabilitation Unit is the assumed name of Kentucky Easter Seal Society, Inc. a Kentucky Corporation doing business in Kentucky and is engaged in the business of providing short-term and long-term nursing care.  At all times pertinent to this action defendant has been in an industry affecting commerce and has fifteen (15) or more employees for each working day in each of the twenty (20) or more calendar weeks in the current or preceding calendar year.  Additionally, defendant at all times pertinent to the action was the employer of plaintiff.

FACTUAL BACKGROUND

5.  Plaintiff is 51 years of age. She is a licensed Registered Nurse and worked as an RN for 29 years. Plaintiff is certified as an ACLA Instructor.

6.  On March 18 2005, plaintiff began employment with the defendant in the position of RN3. Her duties included providing all aspects of patient care. She worked as a Charge Nurse, ensuring high quality patient care for all patients on the unit, and serving as a leader and mentor to all employees.  She received a sign on bonus.

7.  Plaintiff received satisfactory evaluations and a merit increases in 2005 and 2006. In late 2006, she moved into a PRN RN position and was not eligible for merit increases. In 2007 she moved back into the RN3 position and received a satisfactory evaluation and a merit increase.

8.  On or about August 2007, plaintiff was diagnosed with Multiple Sclerosis. Plaintiff's treating physician Nancy Slatttery, MD completed a Family and Medical Leave Act form on behalf of

plaintiff. Plaintiff provided this document to defendant. Dr. Slattery released plaintiff to return to work.

9. On October 12, 2008, plaintiff was promoted into the position of Clinical Coordinator. Her job duties consisted of administrative, clinical, committee and staff development duties.

10. On March 15, 2009 plaintiff received a satisfactory evaluation and a merit increase.

11. On September 27, 2009 plaintiff received a salary increase.

12. On March 24, 2010 plaintiff received a satisfactory evaluation and merit increase.

13. On July 13, 2010, plaintiff's treating Neurologist P. Scott Becker, M.D. completed a Certification of Health Care Provider for Employee's Serious Health Condition (FMLA) form on behalf of plaintiff. This document stated that plaintiff was unable to work during Multiple Sclerosis episodes. This document was given to defendant.

14. On August 16, 2010 plaintiff met with Theresa Schneider-Eubank and discussed her medical condition. At that time, plaintiff requested an accommodation, but plaintiff was terminated prior to discussing the accommodation further or implementing the accommodation.

COUNT I

(Americans with Disabilities Act, 42 U.S.C. 12111, et seq.)

15. Plaintiff reincorporates paragraphs one (1) through 14 (fourteen) herein as if fully rewritten.

16. Plaintiff is a qualified individual with a disability. Plaintiff could perform the essential functions of her job, with or without a reasonable accommodation.

17. Defendant acting through its employees engaged in disability discrimination against plaintiff.

18. Defendant engaged in disability discrimination against plaintiff because of her disability and/or because of her perceived disability and/or because of her record of disability and/or by failing to accommodate her disability in violation of 42 U.S.C. 12111, et seq.

19. As a direct and proximate result of the disability discrimination, plaintiff was damaged.

## COUNT II

(KRS 344.040(1)(b); KRS 344.450)

20. Plaintiff reincorporates paragraphs 1 (one) through 19 (nineteen) herein as if fully rewritten.

21. Plaintiff is a qualified individual with a disability who could perform the essential functions of her job with or without accommodation.

22. Defendant acting through its employees engaged in disability discrimination against plaintiff.

23. Defendant engaged in disability discrimination against plaintiff because of her disability and/or because of her perceived disability and/or because of her record of disability and/or by failing to accommodate her disability in violation of KRS 344.040(1)(b) and 344.450.

24. As a direct and proximate result of the disability discrimination, plaintiff was damaged.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1. Enter judgment in favor of plaintiff and against defendant for violation of federal and state law;

2. Order that plaintiff be awarded compensatory, economic and punitive damages, pre-judgment and post-judgment interest, attorney fees, cost and expenses;

3. Order that plaintiff receive such further additional relief, legal or equitable, as the court deems just and proper.

/s/ Teresa Cunningham
Teresa Cunningham
73 Cavalier Blvd., Suite 103
Florence, KY  41042
859-371-7300

4

        513-939-4749
        859-371-7301 fax
        tcunningham@isoc.net

### JURY DEMAND

Plaintiff herewith demands a trial by jury.

        /s/ Teresa Cunningham
        Teresa Cunningham

5